■ In the Matter of TERRY DIAZ, Respondent, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Appellants. [683 NYS2d 267] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered October 6, 1997, which, after a hearing, granted petitioner's application for attorneys' fees pursuant to 42 USC § 1988 to the extent of awarding petitioner's counsel $2,000, unanimously affirmed, without costs.

Petitioner applied for public housing in 1995. Respondent, however, made no determination as to petitioner's eligibility for such housing until March 27, 1997, some nine days subsequent to petitioner's commencement of this proceeding, when it notified petitioner that she was indeed eligible. In light of respondent's long delay in processing petitioner's meritori-

ous application and its representations prior to the commencement of this proceeding that no determination upon petitioner's application would be forthcoming until July 1997, we decline to accept respondents' contention that the institution of this proceeding was not a catalyst of respondent agency's belated eligibility determination. Indeed, since the opposite view is the one justified by the record in this matter, the motion court's award of attorneys' fees pursuant to 42 USC § 1988 was proper (*see, Marbley v Bane*, 57 F3d 224, 233-235). Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ.